UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| MARIE MORGAN,<br><br>    **Plaintiff,**<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>    **Defendant.** | CIVIL ACTION NO. 5:24-CV-93-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Marie Morgan's appeal of her denial of social security benefits. (DE 1.) Morgan has filed a motion for summary judgment. (DE 10.) Defendant Commissioner of Social Security responded in opposition, seeking affirmance of the underlying decision. (DE 12.) The Court, having reviewed the record, will deny Morgan's motion for summary judgment and affirm the Commissioner's decision.

## I.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016). The five steps include the following:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her

1

physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* § 404.1520(g)(1).

In denying Morgan's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. § 404.1520(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Morgan had not engaged in substantial gainful activity since April 21, 2021, the alleged onset date. (Administrative Record ("AR") at 19.)

At step two, the ALJ determined that Morgan suffers from the following medically determinable severe impairments: obesity, myasthenia gravis ("MG"), and type II diabetes mellitus poorly controlled. (*Id.*)

2

At step three, the ALJ found that Morgan did not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 22.)

At step four, the ALJ assessed Morgan's residual functioning capacity ("RFC"). (*Id.* at 23.) In making this assessment, the ALJ considered all of Morgan's symptoms to the extent that they could reasonably be accepted as consistent with objective medical evidence and other evidence. The ALJ further considered and weighed the medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520(c). The ALJ concluded that Morgan has the RFC to perform "light work" subject to some limitations. (*Id.*) As a result, the ALJ found that Morgan was unable to perform any of her past relevant work. (*Id.* at 26.)

At step five, the ALJ relied on vocational expert ("VE") testimony to find that Morgan was able to perform other work existing in the national economy. (*Id.*) These jobs included representative occupations such as hand packager, assembler, and labeler. (*Id.* at 27.) The ALJ then concluded that Morgan was not disabled under the Act. (*Id.*)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council affirmed the decision. *See* 20 C.F.R. § 422.210(a). Morgan subsequently exhausted her administrative remedies and filed an appeal in this Court. Now that her appeal has been properly briefed, this case is ripe for review under 42 U.S.C. § 405(g).

**II.**

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must look to the record to determine whether the ALJ's decision is supported by substantial evidence—which has been defined as "such relevant evidence as a

3

reasonable mind might accept as adequate to support a conclusion." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The ALJ's decision must be read holistically. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

Morgan presents two arguments on appeal: (1) that the ALJ failed to consider whether Morgan's MG meets or equals a Listing; and (2) that the ALJ failed to consider fatigue as a limiting factor in assessing her RFC. (DE 10-1 at 1-2.) Accordingly, the Court will address each argument in turn.

## A.

First, Morgan argues that the ALJ failed to consider whether her MG meets or equals a Listing—specifically, Listing 11.12. However, the Court agrees with the Commissioner that Morgan's argument is underdeveloped. After citing to a litany of case law on the ALJ's duty to consider whether a claimant's severe impairments meet a specific listing, Morgan only states: "Not only did the ALJ fail to consider Listing 11.12, the ALJ also did not properly evaluate [Morgan's] fatigue and how it impacts her functioning on a sustained basis." (*Id.* at 10.) Morgan then turns to her argument on the ALJ's alleged failure to consider her fatigue as a limiting factor. In other words, this conclusory statement is the only express statement the Court can find in support of her first argument aside from taking issue with the ALJ not mentioning Listing 11.00 when assessing whether Morgan's medical conditions meets or equals a listing.[1]

Even if the Court evaluated this argument on the merits, it remains unpersuasive. Relevant Social Security regulations require an ALJ to find a claimant disabled if he meets a listing. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Sullivan v. Zebley*, 493 U.S. 521,

---

[1] In fact, the only other mention of Listing 11.12 in Morgan's memorandum in support of her motion for summary judgment is found in a footnote. It simply states that "[m]yasthenia gravis is covered by Listing 11.12." (AR at 7.)

4

532 (1990). Yet neither the listings nor the Sixth Circuit require an ALJ to "address every listing" or "to discuss listings that the applicant clearly does not meet." *Sheeks v. Comm'r of Soc. Sec.*, 544 F.App'x 639, 641 (6th Cir. 2013); *see also Kornecky v. Comm'r of Soc. Sec.*, 167 F.App'x 496, 507-08 (6th Cir. 2006) ("While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that[] an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotation marks omitted).

A claimant must do more than point to evidence on which an ALJ could have based his finding to raise a "substantial question" as to whether he has satisfied a listing. *Sheeks*, 544 F.App'x at 641-42 (finding claimant did not raise a substantial question as to satisfying the listing for intellectual disability where the ALJ's finding of borderline intellectual functioning left open the question of whether he meets a listing and where claimant pointed to only a few pieces of tenuous evidence). Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing. *See Sullivan*, 493 U.S. at 530 ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of the criteria, no matter how severely, does not qualify."); *Foster v. Halter*, 279 F.3d 348, 354-55 (6th Cir. 2001) (claimant must satisfy the diagnostic description and one of the four sets of criteria); *see also Reynolds v. Comm'r of Soc. Sec.*, 424 F.App'x 411, 416 (6th Cir. 2011) (holding that it was not harmless error for the ALJ to fail to analyze Step Three as to an impairment found to be severe at Step Two where the claimant put forth evidence that possibly could meet the relevant listing). Absent such evidence, an ALJ does not commit reversible error by failing to evaluate a listing at Step Three.

Here, the ALJ's decision does not expressly discuss Listing 11.12. The Court must therefore determine whether the record evidence raises a substantial question as to Morgan's ability to satisfy each requirement of the listing.

Listing 11.12, which covers MG, is "characterized by" three possible definitions. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 11.12. The Commissioner correctly points out that Morgan fails to indicate which definition of Listing 11.12 she believes she meets or equals, nor does she reference any record evidence that raises a substantial question as to whether she satisfied any of the three definitions. Instead, Morgan argues that the failure of the ALJ to discuss Listing 11.12 at all constitutes reversible error. The case law does not support such a conclusion, and thus her argument fails.

### B.

Morgan also argues that the ALJ failed to consider fatigue as a limiting factor in assessing her RFC. Specifically, she argues that the ALJ did not consider its effects on her functioning—only considering that she *could* engage in certain activities. She therefore asserts that the ALJ failed to consider how fatigue impacts her on a sustained basis.

Listing 11.00(T) states as follows:

> Fatigue is one of the most common and limiting symptoms of some neurological disorders, such as multiple sclerosis, post-polio syndrome, and **myasthenia gravis**. These disorders may result in physical fatigue (lack of muscle strength) or mental fatigue (decreased awareness or attention). When we evaluate your fatigue, we will **consider the intensity, persistence, and effects of fatigue on your functioning**. This may include information such as the clinical and laboratory data and other objective evidence concerning your neurological deficit, a description of fatigue considered characteristic of your disorder, and information about your functioning. We consider the effects of physical fatigue on your ability to stand up, balance, walk, or perform fine and gross motor movements using the criteria described in 11.00(D). We consider the effects of physical and mental fatigue when we evaluate your physical and mental functioning described in 11.00(G).

6

20 C.F.R. § 404, subpt. P, app. 1 § 11.00(T) (emphasis added). When determining a claimant's RFC, an ALJ must consider their impairments as well as any related symptoms, such as fatigue. 20 C.F.R. §§ 404.1545(a)(1), 404.1529.

While the ALJ could have more clearly articulated his discussion on fatigue, an ALJ is "not required to accept [] subjective statements absent additional proof in the record." *See* 20 C.F.R. § 404.1529(a). The ALJ is responsible for evaluating a claimant's subjective complaints. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.3d 918, 920 (6th Cir. 1987). The ALJ found that Morgan's statements about "the intensity, persistence, and limiting effects" of her symptoms are inconsistent in part because "she provides primary care for her children" and "engaged in a fairly substantial level of daily activity and interaction." (AR at 24.) The Court agrees that the ALJ's decision tends to focus on her daily activities without considering how often or how long she can do those activities without frequent breaks. (DE 10-1 at 11.) But it is important to note that this analysis was only one part of the ALJ's analysis of Morgan's symptoms and determination of RFC.

In evaluating Morgan's fatigue and symptoms, the ALJ also focuses on objective medical evidence that challenges her subjective statements. For example, the ALJ cites to a February 2022 consultative examination that found, among other things, that Morgan weighed 220 pounds; could walk without assistance with a normal gait; could rise from a sitting position without assistance; and could bend without difficulty. (AR at 24.) The ALJ also noted that the IV infusion that Morgan underwent in early 2022 helped generally with her symptoms. (*Id.*) A subsequent examination in August 2020 "was normal." (*Id.*)

The ALJ also considered the medical opinions on record in determining Morgan's RFC and considering the limiting effects of her symptoms. The ALJ found the state agency consultants' assessment "largely persuasive" but concluded that Morgan's impairments "acting in concert" limited her further than what the consultants reported. (*Id.* at 25.) The

7

ALJ found the opinion of Edd Easton-Hogg, Psy.D., unpersuasive because it was "inconsistent with the state agency psychological consultants' assessments[,]" was not supported by Morgan's daily activities, and conflicts with Morgan's lack of any formal treatment with any mental health professionals. (*Id.*) The ALJ further found that the opinion of Amber Ballard, APRN, was somewhat persuasive but was inconsistent with the state agency physical consultants' assessments and "treatment notes of record which routinely reveal great strength" than Ballard's examination found. (*Id.*)

The ALJ ultimately notes that "the record does not contain any opinions from treating physicians/providers specifically indicating that . . . [Morgan] has limitations greater than those as determined in this decision." (*Id.* at 26.) While the ALJ could have more carefully articulated its consideration of Morgan's fatigue as a limiting factor, the ALJ's decision was nevertheless supported by substantial evidence. The United States Supreme Court has explained that this "substantial evidence" threshold "is not high." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). Here, the Court finds that the ALJ's determination of Morgan's RFC was supported by substantial evidence because the ALJ relied on objective medical evidence and examinations, and adequately explained why Morgan's subjective statements on her symptoms were not consistent with the record.

### III.

For the above reasons, the Court **HEREBY ORDERS** that:

1. Morgan's motion for summary judgment and appeal (DE 10) are DENIED;

2. the decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g), in that it was supported by substantial evidence; and

3. a judgment will be entered contemporaneously with this order.

This 6th day of February, 2025.

    Karen K. Caldwell
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY